STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
COUNTY OF HAYWOOD     SUPERIOR COURT DIVISION
FILE NO. 24-CVS-384

FILED 2024 APR 10 P 3:49
HAYWOOD CO., C.S.C.
BY_____

WILLIAM ELIJAH RIDDLE, A MINOR,
BY AND THROUGH HIS GUARDIAN AD
LITEM, HEATHER MICHELLE RIDDLE,

        Plaintiff,

v.                              **COMPLAINT**

NEIL ROGERS,

        Defendant.

---

NOW COMES William Elijah Riddle, a Minor, by and through his Guardian ad Litem, Heather Michelle Riddle (hereinafter "Minor Plaintiff"), complaining of the Defendant, alleges and says as follows:

1.

The Minor Plaintiff is a citizen and resident of Haywood County, North Carolina.

2.

William Elijah Riddle (hereinafter "Eli") is a minor child, and Heather Michelle Riddle has been appointed by the court as Guardian ad Litem for Eli for the purpose of bringing this action.

3.

That upon information and belief, Defendant Neil Rogers is a citizen and resident of Haywood County, North Carolina.

4.

The parties and the subject matter of this complaint are within the jurisdiction of this Court and venue is proper in this Court and in Haywood County, North Carolina.

5.

At all times relevant to this Action, Defendant was a teacher employed by The Haywood County Consolidated School System (hereafter "HCS") Schools on behalf of the State of North Carolina.

6.

Defendant was at all times relevant to this action was acting within the course and scope of his employment with the State of North Carolina at Waynesville Middle School, which is a school within HCS, and was acting under the color of state law, ordinance, and/or regulation.

7.

This is an action for Defendant's negligent and wrongful actions against Eli on or about January 2024 and February 15, 2024.

8.

On the dates in question, Defendant was Eli's teacher at Waynesville Middle School, and had direct supervision and control over Eli.

8.

On or about January 2024, during the pledge of allegiance, Eli bent over to catch his breath in the middle of the pledge of allegiance ceremony.

9.

Eli has asthma.

10.

Defendant Rogers decided to humiliate Eli in front of his classmates.

11.

Defendant Rogers forced Eli to stand in front of his entire class for approximately 35 minutes with the entire classroom full of students facing Eli.

12.

Eli was crying for approximately thirty minutes of the 35 minutes, and Defendant refused to allow Eli to sit down.

13.

Upon information and belief, Defendant stated that "there is no way that you are crying" and "we do way worse in advanced P.E."

14.

These acts inflicted emotional distress on Eli, and were a violation of Eli's civil rights.

15.

On a second occasion, on February 15, 2024, Eli forgot to bring a book to Defendant's class for a quiet reading period.

16.

Eli opened his laptop to read the school newspaper.

17.

Defendant, apparently wrongfully believing that Eli was not reading, inexplicably forced Eli to walk up to the front of the class for a second time.

18.

However, this time Defendant decided to physically punish W.R as well as humiliate Eli in front of his classmates.

19.

Defendant ordered Eli to assume the pushup position for 5 to 10 minutes while the rest of the class was watching.

20.

Defendant then ordered Eli to do jumping jacks in front of all of his classmates while they watched. When Eli began to slow down as a result of fatigue, Defendant ordered Eli to continue. This continued for approximately 5 to 10 minutes.

21.

Eli began to cry as a result of the fatigue and humiliation, and yet Defendant still did not allow Eli to return to his seat.

22.

Instead, Defendant next ordered Eli to do sit-ups at the front of the classroom.

23.

After a couple minutes, Defendant next ordered Eli to stand in front of the classroom with his arms extended at shoulder height. Eli was openly crying at this point.

24.

When Eli's arms started to give out, Defendant corrected Eli's arm positioning. Eli was still crying throughout this interaction at the front of the classroom in front of all of his classmates.

25.

This entire interaction lasted for approximately 30 minutes.

26.

Defendant's actions against Eli, a student under his direct care and supervision, inflicted emotional distress and physical pain and discomfort on Eli as Defendant intended, and were a violation of Eli's civil rights.

27.

Eli did not want to return to school as a result of these incidents, and continues to suffer emotional trauma as a result of Defendant's actions.

## FIRST CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff hereby incorporates Paragraphs 1 through 27 as though fully stated herein.

28.

Defendant's actions described above were negligent.

29.

It was reasonably foreseeable that Defendant's negligence would cause Eli severe emotional distress, and in-fact did cause Eli severe emotional distress, such that Eli is entitled to compensatory damages in excess of $25,000.

30.

Defendant's actions also constituted gross negligence in that Defendant's actions were in wanton conduct done with conscious disregard for the rights of the minor Plaintiff, and with a reckless indifference towards Eli's rights, such that the minor Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF W.R'S FOURTEENTH AMENDMENT RIGHTS
## 42 U.S.C. § 1983

Plaintiff hereby incorporates Paragraphs 1 through 30 as though fully stated herein.

31.

This is a claim for relief against Defendant Roger, individually, for Defendant's deprivation of ELI's Fourteenth Amendment rights to be free of unjustified excessive force and unjustified intrusions on the personal integrity of his body.

32.

A student has the right to be free of excessive force inspired by malice or sadism.

33.

At all times material hereto, Defendant was acting under the color of state law in his employment at Waynesville Middle School.

34.

Defendant, through the actions described above, deprived Eli of his rights, privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including but not limited to his substantive due process rights to be free of unlawful intrusions on his personal security as guaranteed by the Constitution.

35.

As a direct and proximate foreseeable result of Defendant's violation of Eli's Fourteenth Amendment rights, Eli suffered damages, both emotional and to his ability to receive education through the public school system free of unjustified harassment, humiliation, pain, and physical punishment.

36.

As a result of Defendant's actions and Eli's damages, the minor Plaintiff is entitled to recover all damages allowable for a violation of 42 U.S.C. § 1983 including compensatory damages, all costs incurred for prosecuting this action and attorney's fees pursuant to 42 U.S.C. § 1988.

Plaintiff is also seeking punitive damages, in an amount to be determined by a jury, against Defendant Rogers because the conduct set forth above constitutes deliberate indifference, willful conduct, and callous disregard for the rights of the public in general and for Eli's rights specifically, and this conduct caused injury to the minor Plaintiff.

WHEREFORE, Plaintiff prays the Court to issue a judgment in the Plaintiff's favor and against the Defendant as follows:

1. That the Plaintiff have and recover of the Defendant compensatory damages in an amount exceeding $25,000 pursuant to Plaintiff's First Claim for Relief.

2. That the Plaintiff have and recover of the Defendant punitive damages in an amount to be determined by a jury pursuant to Plaintiff's Second Claim for Relief.

3. That the Plaintiff have and recover of Defendant in his individual capacity all damages allowed by law including compensatory damages, punitive damages, cost, and attorneys' fees pursuant to Plaintiff's Second Claim for Relief.

4. For a trial by jury.

5. For such other and further relief as the Court deems just and proper.

This the 8th day of April 2024.

*/s/ signature*

Mark R. Melrose
Adam R. Melrose
Melrose Law, PLLC
Attorneys for Plaintiff
Post Office Box 567
Waynesville, North Carolina 28786
(828) 452-3141 Telephone
(828) 246-6221 Facsimile
melrose@mountainverdict.com
adam@mountainverdict.com

| STATE OF NORTH CAROLINA | File No. 24-CVS-384 |
|---|---|
| HAYWOOD County | In The General Court Of Justice <br> ☐ District  ☒ Superior Court Division |

**Name Of Plaintiff**
WILLIAM ELIJAH RIDDLE, A MINOR, BY AND THROUGH H[...]

**Address**

**City, State, Zip**

FILED 2024 APR 10 P 3:47
HAYWOOD CO., C.S.C.
BY _____

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

**Name Of Defendant(s)**
NEIL ROGERS

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
NEIL ROGERS
401 Golf Course Road
Waynesville     NC    28786

**Name And Address Of Defendant 2**

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney** (if none, Address Of Plaintiff)
MARK R. MELROSE / ADAM R. MELROSE
MELROSE LAW, PLLC
Post Office Box 567
Waynesville     NC    28786

**Date Issued** 4/10/24  **Time** 3:47  ☐ AM ☒ PM
**Signature** [signature]
☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**  **Time**  ☐ AM ☐ PM
**Signature**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

RECEIVED APR 15 2024

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☒ By delivering to the defendant named above a copy of the summons and complain*t, request for admissions, request for interrogatories and document production.*

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ 30.00  ck# 16318 | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts