UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-154-MOC-WCM

| | |
|---|---|
| HEATHER MICHELLE RIDDLE, ) <br> as lawful guardian ad litem of ) <br> Minor Child, W.R., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEIL ROGERS, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Failure to State a Claim, filed by Defendant Neil Rogers. (Doc. No. 12).

I. BACKGROUND

In this action, Plaintiff Heather Riddle has filed a lawsuit on behalf of her minor child, W.R., based on alleged wrongful treatment of W.R. by one of his teachers at Waynesville Middle School in Haywood County, North Carolina. The following allegations by Plaintiff are taken as true for the purposes of Defendant's motion to dismiss:

Defendant was W.R.'s teacher at Waynesville Middle School. (Doc. No. 4 ¶ 8). W.R. is 11 years old. (Id. ¶ 1). Defendant had direct supervision and control over W.R. (Id. ¶ 8). Plaintiff's action is based on two incidents that occurred at the school. On the first incident, on or about January 2024, Defendant humiliated W.R. in front of his peers by forcing W.R. to stand at the front of his class, where he stood crying and facing his classmates for approximately 35 minutes. (Id. ¶¶ 9, 12). Defendant stated, "there is no way that you are crying" and that "we do way worse in advanced P.E." (Id. ¶ 14).

1

The second incident at issue took place on February 15, 2024. (Id. ¶ 16). W.R. forgot to bring a book to his quiet reading period run by Defendant. (Id.). W.R. decided his best alternative was to read the school newspaper on his laptop. (Id. ¶ 17). Defendant took issue with W.R.'s decision and forced W.R. to stand at the front of his homeroom class for a second time. (Id. ¶ 18). However, instead of simply humiliating W.R., Rogers also inflicted physical corporal punishment, including:

> Forcing W.R. to stay in a pushup position for 5 to 10 minutes while the rest of the homeroom class watched.
>
> Requiring W.R. to do jumping jacks, and ordering W.R. to continue after W.R. began to get tired and after he began crying.
>
> Forcing W.R. to do sit-ups at the front of the classroom.
>
> Requiring W.R. to hold his arms at shoulder height for as long as W.R.'s stamina could hold out.

(Id. ¶¶ 19–25).

This physical punishment lasted approximately 30 minutes and caused W.R. emotional distress and physical pain. (Id. ¶¶ 26, 27). As a result of Defendant's actions, W.R. had severe emotional distress and suffered additional ancillary consequences, including skipping school days due to a strong reluctance, anxiety, and fear to return to Waynesville Middle School, and continued fear of Defendant and fear of similar wrongful actions by Defendant. (Id. ¶ 29).

Plaintiff filed this action in state court on April 10, 2024, and Defendant removed the action to this Court on May 22, 2024. Plaintiff amended the Complaint on June 14, 2024. (Doc. No. 8). Plaintiff's First Amended Complaint alleges six causes of action against Defendant: (1) Negligent Infliction of Emotional Distress, (2) Intentional Infliction of Emotional Distress, (3)

Wrongful Corporal Punishment in violation of N.C. GEN. STAT. § 115C-390.4, (4) Violation of Fourteenth Amendment Rights pursuant to 42 U.S.C. § 1983, (5) False Imprisonment, and (6) Breach of Fiduciary Duty. (Doc. No. 8).

On June 20, 2024, Defendant filed the pending motion to dismiss, seeking dismissal of all of Plaintiff's claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 12). Plaintiff has filed a response, and Defendant has filed a reply. (Doc. Nos. 14, 16). This matter is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp.,

Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

Here, given the extremely lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss, pending further development of the record.

### IV. CONCLUSION

Defendant's motion to dismiss is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Dismiss for Failure to State a Claim, filed by Defendant Neil Rogers, (Doc. No. 12), is **DENIED**.

Signed: August 7, 2024

Max O. Cogburn Jr.
United States District Judge